CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
JUL -3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW WOLTERS, <br>     Plaintiff, | ) ) ) | Civil Action No. 7:12-cv-00269 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF <br> VIRGINIA, et al., <br>     Defendants. | ) ) ) ) | By:   Hon. Jackson L. Kiser <br>        Senior United States District Judge |

Andrew Wolters, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff did not submit payment of the $350 filing fee and asks to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915.

The court finds that plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 1-2 (5th Cir. Jan. 11, 2011) (appeal dismissed as frivolous); Wolters v. Federal Bureau of Prisons, No. 08-cv-0837, slip op. at 1 (W.D. La. July 5, 2010) (action dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted); Wolters v. Hunter, No. 1:07-cv-02290, slip op. at 4 (D. Colo. Mar. 2, 2009) (action dismissed with prejudice for failing to state a claim upon which relief may be granted). See Henslee v. Keller, No. 11-6707, slip op. at 10 (4th Cir. June 5, 2012) (prohibiting a district court dismissal to be considered a third strike while the dismissal is being appealed). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the Court of Appeals for the Fifth Circuit previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit once

he accumulates three "strikes," pursuant to 28 U.S.C. § 1915(g). Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 2.

Plaintiff names as defendants to this action the Commonwealth of Virginia and Bobby Russell, Superintendent of the Western Virginia Regional Jail ("Jail"). Plaintiff complains about the diagnoses and treatments provided by the Jail's medical staff to treat plaintiff's blood sugar levels. Plaintiff also alleges that Jail staff retaliated against him based on various conditions of confinement and his interactions with Jail staff.

After reviewing plaintiff's complaint in this action, it is clear that plaintiff does not establish that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (requiring proof of an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger th[e] exception to § 1915(g). . . ."). Furthermore, plaintiff was housed at a federal penitentiary in Pennsylvania when he instituted this action, and thus, plaintiff could not have been in imminent danger of serious physical harm in Pennsylvania about the conditions previously experienced at the Jail in Virginia. Accordingly, I dismiss the action without prejudice for plaintiff's failure to pay the filing fee at the time of filing the complaint.1 See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee if plaintiff is ineligible to proceed in forma pauperis).

---

1 Consequently, plaintiff's motion to merge documents from prior cases into this action is denied as moot.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 3rd day of July, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge